IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| QUENTIN HORTON,<br><br>   Petitioner,<br><br> v.<br><br>JOSHUA JONES,<br><br>   Respondent. | CIVIL ACTION NO.: 6:24-cv-36 |

**O R D E R**

Petitioner, an inmate at Hays State Prison in Trion, Georgia, filed an action under 28 U.S.C. § 2254, contesting his conviction and sentence obtained in the Superior Court of Candler County, Georgia.  Petitioner has paid the requisite $5.00 fee.

THEREFORE, IT IS HEREBY **ORDERED** that Respondent answer, in writing, the allegations of the petition by filing a Response with the Clerk of this Court within 60 days after service of this Order.  The Response must comply with Rule 5, Rules Governing § 2254. Specifically, the Response shall include the following:

1. All pleadings (including any and all pretrial, trial, post-conviction, and appellate filings) filed in Petitioner's underlying state court case;

2. A statement of what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed;

3. Portions of any transcript Respondent considers relevant to Petitioner's claims and Respondent's defenses thereto;

4. A transcript of Petitioner's state habeas corpus hearings;

5. All decisions of the state habeas courts; and

> 6. For any proceeding in any appellate court or any post-conviction proceeding relating to the conviction or sentence: any brief Petitioner submitted, any brief the prosecution submitted, and the opinions and dispositive orders of any court.

Respondent shall ensure all submitted transcripts are certified. Respondent's brief of law shall be no longer than 25 typewritten pages double-spaced on letter-sized (8.5" x 11") paper. Respondent shall refer to specific pages of the trial transcript in which it is contended error did or did not occur. In accordance with Rodriguez v. Florida Department of Corrections, 748 F.3d 1073 (11th Cir. 2014), Respondent is directed to serve upon Petitioner a copy of all documents referenced or cited to in his response.

**If Respondent contends the Court should dismiss the Petition at this stage, Respondent shall file a motion to dismiss the Petition at the time of filing his response.[1] Otherwise, Respondent shall include in his response to the Petition a statement explaining why the Petition cannot be adjudicated on a motion to dismiss.**

Petitioner may file his reply to Respondent's response within **14 days** of service of the response. If Respondent files a motion to dismiss, Petitioner **must** file a response to that motion within **14 days** of being served with Respondent's motion. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Petitioner fails to respond to a motion to dismiss, the Court will presume Petitioner does not oppose Respondent's motion. The Court will dismiss Petitioner's case for lack of prosecution and failure to follow the Court's Order if Petitioner fails to respond to a motion to dismiss. Petitioner's brief of law shall be no longer than 25 typewritten pages double-spaced on letter-sized (8.5" x 11") paper. Petitioner

---

[1] Respondent need not file a response and a separate motion to dismiss. Rather, the response to the Petition may take the form of a motion to dismiss with a supporting brief and exhibits.

2

shall refer to specific pages of the trial transcript in which it is contended that error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, Rules Governing § 2254. Unless and until Petitioner demonstrates to this Court the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of Petitioner's habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts. After review of the Respondent's and Petitioner's filings, the Court will determine whether to grant the writ, deny the writ, or set the matter down for hearing.

IT IS FURTHER **ORDERED** that the Clerk of Court serve a copy of this Order upon Petitioner. Additionally, a copy of the Petition and a copy of this Order shall be served upon Respondent by certified mail, return receipt requested. The Clerk is further directed to serve the Office of the Attorney General of the State of Georgia with proper notice of the present case and this Order.

**SO ORDERED**, this 2nd day of August, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA